IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BRIDGETREE, INC., a South Carolina company, and<br>TWO BIT DOG, LLC, a South Carolina limited liability company,<br><br>    Plaintiffs<br><br>v.<br><br>RED F MARKETING LLC, a North Carolina limited liability company;<br>TARGET POINT, LLC a North Carolina limited liability company;<br>DANIEL ROSELLI, an individual;<br>TENG LI, an individual;<br>JASON LI, an individual;<br>MALI XU, an individual;<br>MARK EPPERLY, an individual; and<br>ELTON T. SCRIPTER, an individual,<br><br>    Defendants. | Case No. 3:10-CV-228 |

## STIPULATED ORDER TO PRESERVE AND PRODUCE EVIDENCE
## IN ADVANCE OF FURTHER PROCEEDINGS

Plaintiffs filed this action on May 18, 2010 alleging that Defendants, inter alia, misappropriated Plaintiffs' alleged trade secrets and data, gained unauthorized access to Plaintiffs' computers and otherwise committed unfair trade practices. Although no Defendant has responded to the Plaintiffs' Complaint, Defendants RED F Marketing LLC, Target Point LLC, Daniel Roselli, and Teng Li (the "Ordered Party Defendants") intend to dispute these allegations.

Numerous computers, electronic storage devices and media, forensic analyses and computer databases, and other electronic or hard copy documents are at issue in this action and the parties now appearing before the Court, Plaintiffs and the Ordered Party Defendants, have mutually agreed to preserve and produce those documents and information as described below and otherwise maintain the status quo pending further proceedings in this matter. By stipulating to this Order, no party is making any admissions and each party reserves any and all claims and defenses in this case. Further, Plaintiffs and the ordered Party Defendants specifically intend to preserve and not waive any claim or position regarding the Court's ultimate jurisdiction and/or authority over any defendant not a party to this order or the choice or application of foreign law to this dispute.

**IT IS THEREFORE ORDERED** as follows:

1. Pending further Order of the Court, no party now before the Court as named above ("the Ordered Parties") nor or any person acting on behalf of or in concert with any of the ordered Parties shall delete, destroy, alter, or discard any of the following ("Electronic Storage Media"):

   a. Western Digital 750GB (WD 7500A AK) External USB Drive, Serial # 57434150543030373739357&0;

   b. Transdrive Thumbdrive, Serial # 000AEB5DB7BC5B880F13012A&0;

   c. Western Digital My Book 1TB/1 Drive, Serial # 57434156353337313938343980;

   d. Samsung 120GB HM121HI External USB Drive, Serial # HMS11JJD0Q423128&0;

   e. AONI 32MB-32GB Flash Disk USB Drive, Serial # 27F49C12&0.

2. Subject to the entry of a Protective Order governing confidential information, the ordered Parties shall make the following available for inspection and non-destructive forensic copying by an independent third party mutually selected by the ordered Parties at a mutually convenient place not later than 5 p.m. EDT on Tuesday, May 25, 2010:

    a. By ordered Parties, any Electronic Storage Media in the possession, custody or control of any ordered Party;

    b. By ordered Defendants, any computer, cell phone, smart phone, PDA, hard drive, external drive, or other electronic storage media used by Teng Li or Jason Li in conjunction with or related to their work for Bridgetree, from original employment at Bridgetree until January 15, 2010, in the possession custody or control of any ordered Defendant;

    c. By Plaintiffs, any hard drive (or mirror image of any hard drive) from any computer used in Plaintiffs' business by Teng Li or Jason Li which Plaintiffs have provided to Kroll for copying.

    d. By Plaintiffs, a document entitled "Exhibit X – Teng Li Activity January 4-6, 2010" and a document entitled "Exhibit X3 – Jason Li File Activity January 4-12, 2010," both prepared by the forensic analysis professionals retained by Plaintiffs. By providing these documents now, Plaintiffs reserve the right to modify, amend or supplement this analysis at a later date without prejudice. Plaintiffs designate these documents Attorney's Eyes Only pursuant to the Protective Order.

3. Pending further Order of the Court, no ordered Party, nor or any person acting on behalf of or in concert with any of the ordered Parties, shall delete, destroy, alter, or discard any of the devices and media described in paragraphs 1 or 2. This duty to preserve shall also extend

to each and every personal e-mail account which any of the ordered Party Defendants has used to transmit information relating to Bridgetree, any Bridgetree actual or prospective customer, or any Bridgetree employee. The third-party forensic copying to preserve the status quo shall not preclude later, further forensic testing by experts selected by Plaintiffs or Defendants as provided by Federal Rules or upon agreement or order of the Court.

4. Pending further Order of the Court, the ordered Party Defendants agree not to use, distribute, make copies of, transfer, or disclose any data, files, or other information, in any form, from Bridgetree, which (a) resides or resided at any time on the Electronic Storage Media referenced in paragraph 1 or any device or media referenced in paragraph 2, or (b) was created by Bridgetree, or obtained by any Defendant from Bridgetree other than data, documents or information in the public domain or personal information connected to their employment by Plaintiffs. Further, the ordered Party Defendants agree not to access Bridgetree's National Consumer Database interface and/or account. Further, the ordered Party Defendants agree that to the extent they have possession, custody or control of accounting books, accounting ledgers, or computers (or any copies of any of the foregoing) that belong to Bridgetree, then those items shall be returned to Bridgetree within ten (10) days of the date of this Order.

5. All ordered Parties agree to and shall preserve all relevant documents, data and other information, in hard copy or electronic form, and immediately suspend any document retention policy or other policy that results in the destruction of any relevant documents or files, including, without limitation, any automated computer backup policy that results in the deletion of relevant documents or files.

6. If the ordered Parties desire further expedited discovery in this matter, they shall meet and confer in an effort to mutually agree on such discovery and present a proposed schedule for mutual expedited discovery to the Court for consideration.

SO ORDERED.

Signed: May 24, 2010

David S. Cayer
United States Magistrate Judge