IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 3:10-cv-228-FDW-DSC

BRIDGETREE, INC., a South Carolina
company, and
TWO BIT DOG, LLC, a South Carolina
limited liability company,

     *Plaintiffs*,

v.

RED F MARKETING LLC, a North
Carolina limited liability company;
TARGET POINT, LLC a North
Carolina limited liability company;
DANIEL ROSELLI, an individual;
TENG LI, an individual;
JASON LI, an individual;
MALI XU, an individual;
MARK EPPERLY, an individual; and
ELTON T. SCRIPTER, an individual,

     *Defendants*.

**ANSWER OF DEFENDANTS RED F
MARKETING, LLC, TARGET
POINT, LLC, DANIEL ROSELLI,
TENG LI, and MARK EPPERLY**

Defendants Red F. Marketing, LLC ("Red F"), Target Point, LLC, Daniel Roselli,

Teng Li, and Mark Epperly (collectively, the "Answering Defendants"), by and through

their attorney, answer as follows:

     1.     Defendants admit that Plaintiffs have brought the above-captioned action.

All other allegations are denied.

     2.     Denied.

     3.     It is admitted that Defendant Teng Li was employed by Plaintiff

Bridgetree as Vice President of Web & Data Services. All other allegations are denied.

     4.     Denied.

5.      It is admitted that on or about January 1, 2010, Daniel Roselli, Teng Li, and Mark Epperly met with Defendant Elton Scripter in a public place.  All other allegations are denied.

6.      It is admitted that on or about January 4, 2010, Defendant Teng Li told Mark Beck that he was leaving Plaintiff Bridgetree's employment, and that Defendant Teng Li did, in fact, leave Plaintiff Bridgetree's employment as a Vice President on or about January 5, 2010.  All other allegations are denied.

7.      Denied.

8.      It is admitted that Defendant Teng Li copied and deleted personal information that he maintained on his working laptop, including family pictures, music, personal investment information and tax returns.  The Answering Defendants are without specific knowledge of the allegations of this paragraph with respect to Jason Li's Bridgetree computer but believe them to be false.  Except as admitted, all other allegations are denied.

9.      The Answering Defendants are informed and believe that Mark Beck substantially owns and controls Bridgetree.  The remaining allegations of this paragraph are denied for lack of information.

10.     The Answering Defendants are informed and believe that Bridgetree provides marketing data and services to its customers who seek to use those services in their businesses in various ways. The remaining allegations of this paragraph are denied for lack of information.

11.     It is admitted upon information and belief that Plaintiff Bridgetree started an operation in Xian, China in 2007.  All other allegations of this paragraph are denied for lack of information.

12.     It is admitted that as part of compensation with Plaintiff Bridgetree, Defendant Teng Li was granted a 1% ownership share of Plaintiff Two Bit Dog, LLC, although Defendant Teng Li has never received any compensation for this ownership share.  All other allegations are denied for lack of information.

13.     It is admitted that Red F is a North Carolina limited liability company.  All other allegations are denied.

14.     Admitted except for Mr. Roselli's current address, which is in Charlotte, N.C, but not on Whitney Hill Road.

15.     It is admitted that Defendant Teng Li left Plaintiff Bridgetree's employment on or about January 5, 2010.  Defendant Teng Li's current employment information and address are admitted. Except as admitted, the allegations of this paragraph are denied.

16.     It is admitted upon information and belief that Jason Li is a Chinese citizen.  It is also admitted that Jason Li was employed by Bridgetree and that he reported directly to Teng Li. All other allegations are denied.

17.     It is admitted upon information and belief that Mali Xu is a Chinese citizen and was employed by Bridgetree. All other allegations are denied.

18.     Admitted.

19.     It is admitted that Defendant Target Point, LLC, is a North Carolina limited liability company.  All other allegations are denied.

20.     It is admitted that Elton Scripter is an employee of IBM and years ago worked for a short time with Bridgetree.  The remaining allegations are denied for lack of information.

21.     It is admitted that Plaintiffs have alleged federal statutory claims that invoke the subject matter jurisdiction of this Court.  The Answering Defendants deny that Plaintiffs are entitled to maintain or recover against them for any of those claims.

22.     It is admitted that the Court has personal jurisdiction over the Answering Defendants. These defendants, based upon information and belief, believe that the Court has no personal jurisdiction over the other defendants who are Chinese citizens.  All other allegations are denied upon information and belief.

23.     The Answering Defendants admit that venue is proper in this District. Except as admitted the allegations of this paragraph are denied.

24.     Denied.  It is specifically denied that the alleged  "know-how," "software," and "information related to how Bridgetree's overseas operations are organized to work with Bridgetree's U.S. operations" are trade secrets, or that Plaintiffs somehow "stole" these alleged trade secrets.  It is also specifically denied that Answering Defendants "stole" any of Plaintiff Bridgetree's allegedly proprietary information.

25.     It is admitted that Bridgetree's business is based in the United States and that it also has overseas offices in China and India. The allegations related to Bridgetree's expenditures are denied for lack of information.  Except as admitted, the allegations of this paragraph are denied.

26.     It is admitted that lists of those likely to be involved in changing residences (pre-mover lists) can be valuable to marketers and that businesses use various methods to identify and compile pre-mover lists.  All other allegations are denied.

27.     Denied.  It is specifically denied that Plaintiff Bridgetree has a "propriety system" for compiling pre-mover lists, or that Bridgetree's "system" is a trade secret. Plaintiff Bridgetree's pre-mover services use methods that are generally known in the industry or readily ascertainable through independent development or reverse engineering.

28.     It is admitted Bridgetree used employees in the United States and its overseas offices in its business.  Further, it is admitted that Bridgetree employees in China used part of the programming codes in their work. Except as admitted, the allegations of this paragraph are denied.

29.     Admitted as a general statement of the desire of marketers to target specific customers when possible and a common process for direct mail marketing of using printers to prepare marketing materials. Except as admitted the allegations of this paragraph are denied.

30.     Denied.  It is specifically denied that Plaintiff Bridgetree's print on-demand service is a "custom" system that is not generally known in the industry or readily ascertainable through independent development or reverse engineering. Numerous companies offer these services to their customers.

31.     Denied.  It is specifically denied that Plaintiff Bridgetree's print on-demand "system" is a trade secret that is not generally known in the industry or readily ascertainable through independent development or reverse engineering.

32.     It is admitted Bridgetree used employees in the United States and its overseas offices in its business. Except as admitted, the allegations of this paragraph are denied.

33.     Denied.

34.     The details of Bridgetree's business are denied for lack of information. It is specifically denied that Plaintiff Bridgetree's "Integration Procedures" of overseas operations are trade secrets that are not generally known in the industry or readily ascertainable through independent development or reverse engineering.

35.     It is admitted that Plaintiff Bridgetree operated a facility in Xian, China, and that Defendant Teng Li worked with the employees of that facility. All other allegations are denied.

36.     It is admitted upon information and belief that the National Consumer Database is a large marketing database in the United States. Except as admitted, the allegations of this paragraph are denied.

37.     It is admitted upon information and belief that Bridgetree pays licensing fees for access to the National Consumer Database. Except as admitted, the allegations are denied for lack of information.

38.     Denied for lack of information.

39.     It is admitted upon information and belief that the server was hosted by a third party and there was a web interface for it. All other allegations are denied for lack of information.

40.     It is admitted upon information and belief that access requires login. All other allegations are denied for lack of information.

41.     It is admitted that Defendant Teng Li is an American citizen with a Ph.D. in statistics from Univ. of Md, Baltimore County.  It is admitted that Defendant Teng Li was hired in 2003 and later promoted to Vice President of Web & Data Services of Bridgetree. All other allegations are denied.

42.     It is admitted that Teng Li reported to Beck directly.  It is also admitted that Beck used Teng Li's technical expertise.  All other allegations are denied.  It is specifically denied that Defendant Teng Li had "substantial dominion and control" over Plaintiff Bridgetree's operations.

43.     Denied for lack of information.  It is specifically denied that Defendant Teng Li was "heir apparent to Beck in control of the day to day operation of the business."

44.     It is admitted that Defendant Teng Li executed business decisions subject to Mark Beck's control and approval related to an operational group and that Plaintiff Bridgetree's pre-mover team was a part of this group.  All other allegations are denied.

45.     It is admitted that Defendant Teng Li had access to systems necessary for the operational group in which he was involved.  All other allegations are denied. It is specifically denied that Defendant Teng Li "was the only Bridgetree employee with full and complete access to all of Bridgetree's information and information technology in addition to Beck."

46.     Denied.  The decentralized nature of the Bridgetree technology system was in place before Teng Li became employed by Bridgetree.

47.     It is admitted that Defendant Teng Li helped Beck draft security policies for Plaintiff Bridgetree, but no draft policies had been fully implemented when he left

Plaintiff Bridgetree's employment. It is admitted that Defendant Teng Li's draft security policies included in various circumstances need-to-know access. All other allegations are denied.

48.     It is admitted that Defendant Teng Li had the information necessary for his employment with Plaintiff Bridgetree. All other allegations are denied or are legal conclusions and assertions that require no response at this time.

49.     It is admitted upon information and belief that Defendant Jason Li worked in Plaintiff Bridgetree's Xian office beginning in 2007. It is admitted that Defendant Jason Li reported to Defendant Teng Li. All other allegations are denied.

50.     It is admitted that Red F did not offer pre-mover services and did not have facilities in China before January 2010. All other allegations are denied. It is specifically denied that Answering Defendants conspired to "raid" Plaintiff Bridgetree's employees, information, and/or trade secrets.

51.     It is admitted that Defendant Target Point, LLC, filed its articles of incorporation with the North Carolina Secretary of State on August 24, 2009. It is also admitted that Answering Defendants Epperly and Roselli met with Mark Beck. It is also admitted upon information and belief that Vision Marketing is not currently a customer of Plaintiff Bridgetree because Mark Beck changed the terms of the relationship between the companies. All other allegations are denied. It is specifically denied that Answering Defendants entered into a conspiracy to "raid" Plaintiff Bridgetree's employees, information, and/or trade secrets.

52.     Denied. It is specifically denied Answering Defendants Epperly and Roselli did not disclose the purpose of the meeting to Mark Beck, which was to discuss

possible collaboration between Plaintiff Bridgetree and Answering Defendants, or that Answering Defendants somehow misled Mark Beck about the nature of Defendant Target Point, LLC.

53.     It is admitted that Answering Defendants Teng Li and Epperly played golf on or about November 8, 2008.  All other allegations are denied.

54.     Denied.

55.     It is admitted that Defendant Teng Li met with Sara Garces.  All other allegations are denied.

56.     It is admitted upon information and belief that Defendant Scripter was employed by IBM.  It is admitted that IBM was soliciting bids for one of its customer's projects.  All other allegations are denied. It is specifically denied that Bridgetree was a potential vendor for the project; indeed, it was not even one of the seven or more companies asked to provide a bid for the project.

57.     It is admitted that Answering Defendants Teng Li, Epperly, and Roselli met with Defendant Scripter in public at the Brio Tuscan Grille.  All other allegations are denied.

58.     Denied.

59.     Denied.

60.     It is admitted that Defendant Teng Li called Mark Beck on or about January 4, 2010, to resign from Plaintiff Bridgetree.  It is also admitted that Defendant Teng Li's last day as an employee of Plaintiff Bridgetree was on or about January 5, 2010, and that Defendant Teng Li offered to consult on an hourly basis for a short period

of time so that Defendant Teng Li's departure from Plaintiff Bridgetree would go smoothly. All other allegations are denied.

61.     It is admitted that Defendant Teng Li returned two laptops to Plaintiff Bridgetree, one on or about January 6, 2010, and the other on or about January 7, 2010. All other allegations are denied.

62.     It is admitted that Defendant Teng Li accessed files on his laptop in order to answer questions of Plaintiff Bridgetree's employees as he was transitioning out of Plaintiff Bridgetree's employment. All other allegations are denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied upon information and belief.

67.     Denied upon information and belief.

68.     It is admitted upon information and belief that Jason Li resigned from Bridgetree Xian. Except as admitted, the allegations of this paragraph are denied for lack of information.

69.     Denied.

70.     It is admitted upon information and belief that Red F Xian began operation on or about January 10, 2010, and that it is located approximately 400-500 yards from Plaintiff Bridgetree's Xian office because Teng Li's mother lives in an apartment a block from the office. Except as admitted, the allegations of this paragraph are denied.

71.     Denied.

72.     It is admitted that Defendant Teng Li followed security protocols in deleting certain password related files.  It is also admitted that Defendant Teng Li deleted personal files and emails, along with old version files.  All other allegations are denied.

73.     Denied.

74.     Denied.

75.     It is admitted that Red F announced the opening of an office in Xian, China, on or about January 20, 2010.  Among the new employees, there were former Bridgetree employees. All other allegations are denied.

76.     Admitted.

77.     It is admitted that Red F did not offer pre-mover services before Defendant Teng Li's employment with Red F.  All other allegations are denied.

78.     It is admitted that there was an article concerning Red F in the *Mecklenburg Times* on or about January 20, 2010.  The content of the article speaks for itself, and all allegations concerning that content are denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied for lack of information.

83.     Denied for lack of information.

84.     Denied.

85.     Denied for lack of information.

86.     Denied for lack of information.

87.     Denied for lack of information.

88.     Denied.

89.     It is admitted that Defendant Roselli left his employment with Bank of America in 2003 and that he acquired Red F in 2005.  All other allegations are denied.

90.     Denied.

91.     Denied.

92.     It is admitted that Defendant Epperly sent an email to Mark Beck regarding possible collaboration between Mark Beck and Defendant Roselli.  All other allegations are denied.

93.     It is admitted that Teng Li cannot recall whether or not he bookmarked RedF in his computer.  Except as admitted, the allegations of this paragraph are denied.

94.     It is admitted that Defendant Target Point, LLC, filed its articles of incorporation with the North Carolina Secretary of State on August 24, 2009.  It is also admitted that Answering Defendants Epperly and Roselli met with Mark Beck.  All other allegations are denied.

95.     It is admitted that the domain name targetpoint.us was registered with godaddy.com on or about October 23, 2009.  All other allegations are denied.

96.     It is admitted that Answering Defendants Teng Li and Epperly played golf on or about November 8, 2009.  All other allegations are denied.

97.     Denied.

98.     Denied.

99.     It is admitted that Defendant Teng Li sent an email to Sara Garces as a part of Defendant Teng Li's interview process with Red F.  All other allegations are denied.

100.    It is admitted that Defendant Scripter sent an email concerning a request for information ("RFI").  All other allegations are denied.

101.    It is admitted that Answering Defendants Roselli and Epperly corresponded with Defendant Epperly about a conference call.  All other allegations are denied.

102.    It is admitted that there was a conference call among representatives of numerous companies to discuss the bidding process on an IBM project in which individuals were requested to use their first names.  This request came from IBM's client, not Answering Defendants, and upon information and belief was an attempt to reduce confusion between participants on the call.  All other allegations are denied.

103.    It is admitted that Answering Defendants Teng Li, Epperly, and Roselli met with Defendant Scripter at the Brio Tuscan Grille.  All other allegations are denied.

104.    Denied.

105.    Denied.

106.    It is admitted that Defendant Teng Li has had communications with Mali Xu and Jason Li on Bridgetree work related issues.  All other allegations are denied.

107.    Denied.

108.    It is admitted that Defendant Teng Li has had communications with Mali Xu and Jason Li on RedF work related issues, including the Xian RedF office.  All other allegations are denied.

109.    It is admitted that Defendant Teng Li called Mark Beck on or about January 4, 2010, to resign from Plaintiff Bridgetree.  All other allegations are denied.

110.    Denied.

111.    It is admitted that Defendant Teng Li worked in coordination with Defendants Mali Xu and Jason Li when they were employed by Plaintiff Bridgetree.  All other allegations are denied.

112.    Denied for lack of information.

113.    Denied for lack of information.

114.    It is admitted upon information and belief that Mali Xu requested Plaintiff Bridgetree sign an accounting document in accordance with local Chinese government rules.  All other allegations are denied.  The allegation of an alleged conspiracy or wrongful conduct is specifically denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied for lack of information.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied for lack of information.

128.    Denied.

129.    It is admitted that as part of compensation with Plaintiff Bridgetree,

Defendant Teng Li was granted a 1% ownership share of Plaintiff Two Bit Dog, LLC,

although Defendant Teng Li has never received any shares for this granted ownership.  It

is also admitted that Defendant Teng Li participated in the process of incorporating of

Cartoon Networks, LLC but Defendant Teng Li declined the opportunity because of the

terms demanded by the persons in control, Mark Beck and Mr. Leonardi.  All other

allegations are denied for lack of information.

130.    It is admitted that Defendant Teng Li is no longer working on Two Bit

Dog projects.  All other allegations are denied.

131.    It is admitted upon information and belief that Two Bit Dog has a working

relationship with Bridgetree.  All other allegations are denied.

132.    Denied.

133.    Denied.

## FIRST CLAIM FOR RELIEF

134.    Answering Defendants' responses to paragraphs 1-133 are incorporated

herein by reference.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.     Denied.

## **SECOND CLAIM FOR RELIEF**

143.     Answering Defendants' responses to paragraphs 1-142 are incorporated herein by reference.

144.     This paragraph contains a legal assertion to which no response is required. To the extent a response is required, the allegations are denied.

145.     Admitted.

146.     Denied.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

## **THIRD CLAIM FOR RELIEF**

152.     Answering Defendants' responses to paragraphs 1-151 are incorporated herein by reference.

153.     Denied.

154.     Denied.

## **FOURTH CLAIM FOR RELIEF**

155.     Answering Defendants' responses to paragraphs 1-154 are incorporated herein by reference.

156.     Denied.

157.     Denied.

## FIFTH CLAIM FOR RELIEF

158.    Answering Defendants' responses to paragraphs 1-157 are incorporated herein by reference.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

## SIXTH CLAIM FOR RELIEF

167.    Answering Defendants' responses to paragraphs 1-166 are incorporated herein by reference.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

## SEVENTH CLAIM FOR RELIEF

172.    Answering Defendants' responses to paragraphs 1-171 are incorporated herein by reference.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

## EIGHTH CLAIM FOR RELIEF

178.    Answering Defendants' responses to paragraphs 1-177 are incorporated herein by reference.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

## NINTH CLAIM FOR RELIEF

184.    Answering Defendants' responses to paragraphs 1-183 are incorporated herein by reference.

185.    This paragraph contains legal assertions to which no response is required. To the extent a response is required, the allegations are denied. All other allegations are denied.

186.    Denied.

187.    Denied.

## PLAINTIFFS' PRAYER FOR RELIEF

Answering Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint.

## GENERAL DENIAL

Answering Defendants deny each allegation of the Complaint that is not explicitly admitted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs are estopped from seeking to enforce their alleged trade secrets by, among other things, failing to take reasonable efforts to maintain their secrecy and/or voluntarily disclosing their alleged trade secrets.

### THIRD DEFENSE

Plaintiffs alleged trade secrets are generally known or readily ascertainable through independent development or reverse engineering.

### FOURTH DEFENSE

Defendant Teng Li brought only his own general knowledge, skills, and experience to Red F, not any of Plaintiffs' alleged trade secrets.

### FIFTH DEFENSE

Plaintiffs' action is barred by the doctrine of laches because, among other things, Answering Defendants have been prejudiced by Plaintiffs' delay in bringing this action.

### SIXTH DEFENSE

Plaintiffs' action is barred by the doctrine of waiver.

## PRAYER FOR RELIEF

**WHEREFORE**, Answering Defendants seek the following relief:

1.       That the Complaint be dismissed with prejudice and that Plaintiffs take

nothing;

2.       That the Court grant Answering Defendants such other relief as this Court

deems just and proper.

## DEMAND FOR JURY TRIAL

Answering Defendants demand a trial by jury on all issues triable of right by a

jury that are raised for determination by Plaintiffs' Complaint or by Answering

Defendants' defenses.


This the 1st day of July 2010.                    /s/ Irving M. Brenner
                                                                   Irving M. Brenner
                                                                   John McDonald
                                                                   Steven N. Baker
                                                                   McGUIREWOODS LLP
                                                                   100 North Tryon Street, 29th Floor
                                                                   (28202)
                                                                   Post Office Box 31247
                                                                   Charlotte, NC  28231
                                                                   Telephone: (704) 343-2075
                                                                   Facsimile:  (704) 373-8935
                                                                   ibrenner@mcguirewoods.com
                                                                   jmcdonald@mcguirewoods.com
                                                                   sbaker@mcguirewoods.com
                                                                   *Attorney for Answering Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following parties in this case:

J. Mark Wilson
Moore & Van Allen PLLC
Suite 4700
100 North Tryon Street
Charlotte, NC 28202-4003
Telephone (704) 331-1000
Facsimile (704) 339-5981
Email: markwilson@mvalaw.com

Kathryn G. Cole
Moore & Van Allen PLLC
Suite 4700
100 North Tryon Street
Charlotte, NC 28202-4003
Telephone (704) 331-1000
Facsimile (704) 339-5981
Email: katecole@mvalaw.com

Steven C. Schroer
Fitch, Even, Tabin & Flannery
1942 Broadway, Suite 213
Boulder, Colorado 80302
Telephone: (303) 402-6966
Facsimile: (303) 402-6970
Email: scschr@fitcheven.com

Christian R. Eriksen
Fitch, Even, Tabin & Flannery
One Lafayette Center, Suite 750S
1120 20th Street, NW
Washington, DC 20036
Telephone: (202) 419-7000
Facsimile: (202) 419-7007
Email: ceriksen@fitcheven.com

*Attorneys for the Plaintiffs*

Edward W. Gray
Fitch, Even, Tabin & Flannery
One Lafayette Center, Suite 750S
1120 20th Street, NW
Washington, DC 20036
Telephone: (202) 419-7000
Facsimile: (202) 419-7007
Email: egray@fitcheven.com

*Attorney for the Plaintiffs*

Louis Adams Bledsoe , III
Robinson, Bradshaw & Hinson, P. A.
101 North Tryon St.
Suite 1900
Charlotte, NC 28246
704-377-8339
Fax: 704-373-3939
Email: lbledsoe@rbh.com

*Attorney for Defendant Elton T. Scripter*

This the 1st day of July 2010.

/s/ Irving M. Brenner
Irving M. Brenner
McGUIREWOODS LLP
100 North Tryon Street, 29th Floor  (28202)
Post Office Box 31247
Charlotte, NC  28231
Telephone: (704) 343-2075
Facsimile:  (704) 373-8935
Email: ibrenner@mcguirewoods.com
*Attorney for Answering Defendants*