# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No.: 3:10-cv-228-FDW-DSC

| | |
|---|---|
| BRIDGETREE, INC., and TWO BIT DOG, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| RED F MARKETING LLC, TARGET POINT, LLC, DANIEL ROSELLI, TENG LI, JASON LI, MALI XU, MARK EPPERLY, and ELTON T. SCRIPTER, | )  **ORDER**<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER comes now before the Court upon Plaintiffs' Motion to Voluntarily Dismiss Defendants Jason Li and Mali Xu from this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For the reasons set forth, Plaintiffs' Motion to Voluntarily Dismiss Defendants Jason Li and Mali Xu is GRANTED.

Plaintiffs Bridgetree, Inc., and Two Bit Dog, LLC, (collectively "Plaintiffs") assert in their Memorandum in Support of their Motion to Voluntarily Dismiss Defendants Jason Li and Mali Xu that, "[u]nder Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action upon order of the court and upon such terms and conditions as the court deems proper." (Doc. No. 85 at 2). The issue before this Court relates to the scope of Rule 41 and its functionality as a vehicle to dismiss certain co-defendants from an action rather than an action in its entirety.

Rule 41(a) refers to the voluntary dismissal of "an action." Interpreting this portion of the Rule on its face, the Second Circuit held that "the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'"

Harvey Aluminum, Inc. v. American Cyanimid Co., 203 F.2d 105, 108 (2nd Cir. 1953), cert. denied, 345 U.S. 964. Under the Second Circuit's strict interpretation of the Rule, a plaintiff may not dismiss a handful of co-defendants to an action under 41(a); rather, he must proceed under Rule 15 or Rule 21 to accomplish this desired end.

As noted in Defendants' briefs, several courts have been influenced by the Second Circuit's reading of Rule 41(a), including a fellow court in this District.[1] The greater weight of authority, however, maintains that contrary to its plain language, Rule 41(a) allows for dismissal of less than the entirety of an action. See Young v. Wilky Carrier Corp., 150 F.2d 764 (3d Cir. 1945), cert. denied, 326 U.S. 786 (granting dismissal of one of two defendants under Rule 41(a)(2)); Wilson v. City of San Jose, 111 F.3d 688 (9th Cir. 1997) (holding plaintiff may dismiss some or all defendants through Rule 41(a)(1)).

Moreover, the Fourth Circuit has demonstrated an unwillingness to be bound by the strictures of the Rule's language. See Miller v. Terramite Corp., 111 Fed.Appx. 536 (4th Cir. 2004) (finding no abuse of judicial discretion regardless of whether [a motion] is construed as an attempt to dismiss the action under Rule 41(a)(2) or as a motion to amend the pleading under Rule 15); Skinner v. First American Bank of Virginia, 1995 WL 507264, *2 (4th Cir. 1995) citing Mechmetals Corp. v. Telex Computer Prods., Inc., 709 F.2d 1287, 1294 (9th Cir. 1983) (holding that while Rule 15 is technically the proper vehicle to accomplish a partial dismissal due to the fact that Rule 41 provides for the dismissal of *actions* rather than *claims*, "similar standards govern the exercise of discretion

---

[1] See Volvo Trademark Holding Aktiebolaget v. AIS Construction Equip. Corp., 162 F. Supp. 2d 465, 472 (W.D.N.C. 2001) (holding that a Rule 41 dismissal of a party rather than an entire action is ineffectual as a matter of law; plaintiff should have proceeded under Rule 15); see also Hilliard v. RHS Howell Care Centers, 2009 WL 21770008 (holding that a "Rule 41 dismissal, either by court order or entered voluntarily, is defective where the parties attempt to dismiss less than the entire action inasmuch as it would be a violation of the language of the Rule 41(a)(1)").

under either rule"); See also Ownby v. Cohen, 2002 WL 1877519 (W.D. Va. 2002) (holding it undesirable and unnecessary to invoke inherent power to avoid an artificial limit on Rule 41(a) reached only by an overly literal reading of the rule). In focusing on substance rather than procedure, the Fourth Circuit's interpretation echoes Justice Blackmun's sentiments while a member of the Eighth Circuit: "[I]t may not be material whether the court acts under Rule 15(a) which relates to amendments, or Rule 21 which concerns misjoinder, or Rule 41(a)(2)." Johnston v. Cartwright, 355 F.2d 32, 39 (8th Cir. 1966). In sum, it is clear the Fourth Circuit has tacitly approved of the use of Rule 41(a)(2) as a vehicle to dismiss discrete claims and parties from actions as well as actions in their entirety.

Having determined that Plaintiffs may utilize Rule 41(a)(2) as a means to dismiss certain co-defendants from this action, the Court must then consider whether such dismissal is proper under the circumstances. It is well established that a plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); See also Kenrose Mfg. Co. v. Fred Whitaker Co., 512 F.2d 890, 895 (4th Cir. 1972). Taking into consideration the present stage of litigation, Plaintiffs' explanation for dismissal, and the absence of evidence showing a lack of diligence on behalf of Plaintiffs in attempting to serve Defendants Jason Li and Mali Xu, the Court finds dismissal without prejudice proper. If the remaining co-defendants believe it necessary in the interest of justice and in the interests of their clients that these individuals be parties to this suit, this non-prejudicial action will not preclude their ability to cross-claim and add them as co-defendants.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Voluntarily Dismiss Defendants Jason Li and Mali Xu from this action without prejudice pursuant to Federal Rule of Procedure 41(a)(2) (Doc. No. 84) is GRANTED.

IT IS SO ORDERED.

Signed: September 16, 2011

Graham C. Mullen
United States District Judge

4