UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-228-W

| | |
|---|---|
| BRIDGETREE, INC., and ) <br> TWO BIT DOG, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> RED F MARKETING, LLC, TARGET ) <br> POINT, LLC, DANIEL ROSELLI, TENG ) <br> LI, MARK EPPERLY, and ELTON T. ) <br> SCRIPTER, ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

THIS MATTER comes now before the Court upon Defendant Elton T. Scripter's ("Scripter") Motion to Dismiss The Action, or Plaintiffs' Conspiracy Claims Against All Defendants, or the Conspiracy Claims Against Scripter for failure to join necessary parties Jason Li, and Mali Xu ("Chinese Defendants") pursuant to Rule 19(b) of the Federal Rules of Civil Procedure. (Doc. No. 102). Defendants Red F Marketing, LLC ("Red F"); Target Point, LLC ("Target Point"); Daniel Roselli, Teng Li, and Mark Epperly joined in Scripter's motion. (Doc. No. 109). Plaintiffs have responded, and Scripter has replied. (Doc. Nos. 110 and 121). This matter is now ripe for ruling and for the reasons set forth below, the motion is **DENIED**.

**I. BACKGROUND**

Plaintiff Bridgetree, Inc. ("Bridgetree") is a privately held corporation that provides marketing data, information, analytics and logistics services, and Plaintiff Two Bit Dog, LLC ("Two Bit Dog"), is an affiliated website-based marketer of pet products. Plaintiffs brought this action

1

against former Bridgetree employees Teng Li, Jason Li, and Mali Xu; competitor Red F Marketing, LLC; Red F President Daniel Roselli; Red F affiliate Target Point, LLC; Target Point President Mark Epperly; and Elton T. Scripter, a former Bridgetree employee who is now an Advanced Analytics and Optimization Manager with IBM Business Service. Pertinant to the pending motion, the complaint alleges violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and (d) ("RICO"). (Doc. No. 26).

Due to the difficulty of serving process on foreign nationals, all parties agreed to a deadline of June 21, 2011, to effect service on the Chinese Defendants. Plaintiffs were unable to meet this deadline and moved to voluntarily dismiss without prejudice the Chinese Defendants pursuant to Rule 41(a)(2). (Doc. No. 84). Following the Court's order granting Plaintiffs' motion, Scripter brought the current motion asserting the Chinese Defendants are indispensible parties pursuant to Rule 19 and if they cannot be joined to the current action, the claims relating to the absent parties should be dismissed.

## II. ANALYSIS

### A. Standard of Review

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to join an indispensable party under Rule 19. In ruling on a motion to dismiss for failure to join an indispensable party, a court must accept as true the allegations of the complaint. Buttar v. November, No. 3:10-cv-668, 2011 WL 2375492, at *7 (W.D.N.C. June 9, 2011) (citing Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 479 n. 2 (7th Cir. 2001)). In addition, the moving defendant has the burden of showing that a party must be joined for just adjudication. Amer. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

A party cannot be indispensable unless it is necessary, but not all necessary parties are

2

indispensable. Schlumberger Indus. v. Nat'l Sur. Corp., 36 F.3d 1274, 1285–86 (4th Cir.1996); see generally Republic of Phil. v. Pimentel, 553 U.S. 851, 128 S. Ct. 2180, 171 L. Ed. 2d 131 (2008). Whether a party is indispensable requires a two-step inquiry. See Fed. R. Civ. P. 19; Owens–Ill. Inc. v. Meade, 186 F.3d 435, 440 (4th Cir.1999). First, it must be determined whether a party is "necessary" pursuant to Rule 19(a). See Owens–Ill., 186 F.3d at 440. Under this rule, a party is "necessary" if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a)(1). Second, if a necessary party cannot be joined, the court must then decide whether that party is "indispensable" under Rule 19(b). If the party is indispensable, the court must dismiss the action. In determining whether a party is "indispensable," the court weighs the following factors:

> First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Determinations as to necessity and indispensability are left to the sound discretion of the trial court. See Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980). Dismissal of a case for nonjoinder is a drastic remedy and should be employed sparingly. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C. Inc., 210 F.3d 246, 250 (4th Cir.2000)

(citing Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917-18 (4th Cir.1999)).

**B.  Discussion**

Taking the allegations of the complaint as true, the Chinese Defendants and Scripter are co-conspirators engaged in racketeering activity.  When applying the RICO Act, the Supreme Court has held that courts should apply common law principles of civil conspiracy.  Beck v. Prupis, 529 U.S. 494, 503, 120 S. Ct. 1608, 146 L.Ed.2d 561 (2000).  In North Carolina, co-conspirators are jointly and severally liable.  See Muse v. Morrison, 66 S.E.2d 783, 785 (N.C. 1951).  A plaintiff is not required to name all possible joint tortfeasors in a single action.  Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990).  In Temple, the Court held:

> It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.  See Lawlor v. National Screen Service Corp., 349 U.S. 322, 329-330, 75 S. Ct. 865, 869, 99 L.Ed. 1122 (1955); Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 132, 32 S. Ct. 641, 644, 56 L.Ed. 1009 (1912).  Nothing in the 1966 revision of Rule 19 changed that principle.  See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 116-117, n. 12, 88 S. Ct., 733, 741-742, n. 12 (1968).  The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is *merely a permissive party* to an action against another with like liability."  28 U.S.C.App., p. 595.

Id.  (empahasis added); see also, Jernryd v. Nilsson, No. 84 C 7551, 1985 WL 3590 (N.D. Ill. Nov. 8, 1985) (in a RICO action; plaintiff was not required to join all co-conspirators because their liability is joint and several); Edgenet, Inc. v. GS1 AIBSL, No. 09-cv-65, 2010 WL 55843 (E.D. Wis. Jan. 5, 2010) (joint and severally liable parties are merely permissive in a RICO action).

Therefore, in light of the aforementioned authority and Plaintiffs' allegations, the Chinese Defendants are not necessary parties pursuant to Rule 19 because they are jointly and severally liable.  Merely because Plaintiffs may assert claims against the Chinese Defendants as co-

4

conspirators does not render those parties mandatory under the Federal Rules of Civil Procedure. Scripter's motion fails the first prong analysis of Rule 19.

The Court does not need to inquire into a Rule 19(b) analysis because the threshold requirements of Rule 19(a) have not been satisfied.[1]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant Elton Scripter's Motion to Dismiss The Action, or Plaintiffs' Conspiracy Claims Against All Defendants, or the Conspiracy Claims Against Scripter (Doc. No. 109) is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 15, 2012

Frank D. Whitney
United States District Judge

---

[1] Even if the Court determined the Chinese Defendants were necessary parties, jointly and severally liable parties are not indispensable. See State of Ga. v. Pa. R. Co., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051 (1945) (finding a co-conspirator is not an indispensable party); Macarthur Shopping Ctr., LLC v. Ghazi, 3:06-cv-204, 2007 WL 203982 (W.D.N.C. Jan. 24, 2007) (jointly and severally liable parties may be necessary, but they are not indispensable within the meaning of Rule 19).

5