UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:10-cv-228-FDW-DSC

| | |
|---|---|
| BRIDGETREE, INC., and TWO BIT DOG, LLC, </br></br> Plaintiffs, </br></br> vs. </br></br> RED F MARKETING LLC, TARGET POINT, LLC, DANIEL ROSELLI, TENG LI, MARK EPPERLY, and ELTON T. SCRIPTER, </br></br> Defendants, </br></br> vs. </br></br> BRIDGETREE, INC., MARK BECK, and CHRIS TALLEY, </br></br> Counterclaim Defendants. | ORDER |

THIS MATTER is before the Court *sua sponte* following Plaintiffs' filing of a "Notice of Bankruptcy Stay as to Defendants RedF Marketing, LLC; Target Point, LLC; and Daniel Roselli." (Doc. No. 240). The Notice indicates that on October 12, 2012, involuntary Chapter 7 Bankruptcy Petitions were filed against RedF Marketing, LLC (Case No. 12-32462 (JCW)), Target Point, LLC (Case No. 12-32463 (JCW)), and Mr. Daniel Roselli (Case No. 12-32461 (JCW)). These three debtors in the bankruptcy proceedings are also Defendants in this action. The Court hereby takes judicial notice of the dockets in those proceedings and notes that Bridgetree filed all three involuntary petitions. Bridgetree, a Plaintiff in this action, prevailed at trial and received a monetary judgement against these three debtors. Pursuant to 11 U.S.C. § 362, the bankruptcy filings result in a stay of all proceedings against the debtors, including the stay of resolution of the multiple

pending post-trial motions in the case at bar. Although no party has requested such, this Court, acting *sua sponte*, will WITHDRAW REFERENCE from the bankruptcy court in order to resolve the pending post-trial motions and any appeal for the reasons explained below.

Pursuant to 28 U.S.C. § 1334, the United States District Courts have original jurisdiction over all bankruptcy matters and related proceedings. Nevertheless, 28 U.S.C. § 157(a) permits district courts to refer bankruptcy matters to the bankruptcy courts, which this district does. Under 28 U.S.C. § 157(d), the district court is permitted to withdraw–in whole or in part–any case or proceeding that is referred pursuant to 28 U.S.C. § 157. Such withdrawal may be upon the motion of a party or "on its own motion." 28 U.S.C. § 157(d). The district court's withdrawal is either mandatory or permissive. Mandatory withdrawal occurs when "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Id. On the other hand, "[p]ermissive withdrawal of the reference to the bankruptcy court is within the sound discretion of the district court and is predicated upon cause shown on a case-by-case basis." In Re: TMG Liquidation Co., 2012 WL 1986526, 7:12-629 (D.S.C. 2012). Here, the Court need not decide whether withdrawal is mandatory, but instead exercises its discretion "for cause shown."

While neither the statute nor the Fourth Circuit have explicitly defined "cause," see In re U.S. Airways Group, Inc., 296 B.R. 673, 681 (E.D.Va. 2003), (collecting cases from other circuits discussing relevant factors to determine "cause shown"), several district courts within the Fourth Circuit have considered the following factors:

> (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. Vieira v. AGM, II, LLC, 366 B.R. 532, 538 (D.S.C.2007) (citing In re U.S. Airways

Group, Inc., 296 B.R. 673, 681 (E.D.Va.2003)).

In re Joe Gibson's Auto World, Inc., 7:11-2482-TMC, 2012 WL 1107763 (D.S.C. Apr. 2, 2012).

Here, factors (3) and (4) substantially weigh in favor of withdrawal. The procedural posture of this case uniquely warrants withdrawal of reference. Plaintiffs filed the instant action over two-and-a-half years ago on May 18, 2010. (Doc. No. 1). Since that time, the undersigned has presided over numerous hearings (including a hearing on summary judgment motions), a lengthy judicial settlement conference, and a two-week-long jury trial. All three involuntary petitions filed in the bankruptcy court by Plaintiff Bridgetree directly relate to the judgment debt arising out of the case at bar. Because the post-trial motions and any appeal in the case at bar would result in a final judicial determination of that judgment debt, the Court finds that it would be substantially more efficient for the parties and would promote judicial economy if this Court could resolve those post-trial motions, allow the appeal to go forward, and liquidate Bridgetree's claims against the Debtors. These factors decisively outweigh any other factors under the specific facts of this case and where the finality of the jury verdicts–and thus, the debts–remains outstanding but substantially near completion.

IT IS THEREFORE ORDERED that this Court will exercise its discretion to withdraw reference of the following three cases from the Bankruptcy Court: RedF Marketing, LLC (Case No. 12-32462 (JCW)), Target Point, LLC (Case No. 12-32463 (JCW)), and Mr. Daniel Roselli (Case No. 12-32461 (JCW)).

IT IS FURTHER ORDERED that the Court also *sua sponte* lifts the bankruptcy stay as to this litigation in each of these three bankruptcy cases for the limited purpose of liquidating the claim by resolving the pending post-trial motions in the case at bar and allowing any appeal arising therefrom. See generally In re Robbins, 964 F.2d 342, 345-46 (4th Cir. 1992) (discussing court's

discretion to lift automatic stay) ("The Senate Report accompanying the Bankruptcy Reform Act of 1978 stated that: '[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.'")(citing S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836)(other citations omitted).

IT IS FURTHER ORDERED that for all other intents and purposes, the stay pursuant to 11 U.S.C. § 362 otherwise remains in full effect. Furthermore, the Court hereby REFERS and returns back to the bankruptcy court all other aspects of these cases.

Finally, the Clerk's office is respectfully DIRECTED to send a certified copy of this Order to all counsel of record in this case and to the United States Bankruptcy Court for the Western District of North Carolina. The Court further requests the Clerk for the Bankruptcy Court to file a copy of this Order in the three pending cases: RedF Marketing, LLC (Case No. 12-32462 (JCW)), Target Point, LLC (Case No. 12-32463 (JCW)), and Mr. Daniel Roselli (Case No. 12-32461 (JCW)).

IT IS SO ORDERED.

Signed: October 19, 2012

Frank D. Whitney
United States District Judge